

**BOLD AND AGGRESSIVE DEFENSE**

October 8, 2020

Colleen Lang
Assistant United States Attorney
111 South 10th Street, 20th Floor
St. Louis, Missouri 63102
*Sent via electronic filing*

      Re:    United States v. Dallas J. Crawford
                Cause No.: 4:20-CR-00475 SRC/NCC

Dear Ms, Lang:

    This letter is to advise you that I will be representing Dallas Crawford and to request that you provide discovery as soon as possible. We request production of the following:

1. <u>Statements.</u> All written and oral statements made by Dallas Crawford. This request includes, but is not limited to, any rough notes, records, reports, transcripts or other documents and tapes in which statements of Dallas Crawford are contained. The substance of oral statements which the government intends to introduce are discoverable under Fed. R. Crim. P. 16(a)(1)(A) (Amended December 1, 1991) and <u>Brady v, Maryland</u>.

2. <u>Documents, statements, reports, tangible evidence</u>. Production of all documents, statements, agents' reports, and tangible evidence favorable to Dallas Crawford on the issue of guilt or which affects the credibility of the government's case. This evidence must be produced pursuant to <u>Brady v. Maryland</u> and <u>United States v. Agurs</u>, 427 U.S. 97 (1976).

3. <u>Prior record/other act evidence.</u> All evidence, documents, records of judgments and convictions, photographs and tangible evidence, and information pertaining to any prior arrests and convictions or prior bad acts. Evidence of prior record is available under Fed.R.Crim.P.16(a)(1)(B). Evidence of prior similar acts is discoverable under Fed.R.Crim.P.16(a)(1)(C) and Fed. R. Evid. 404(b) (as amended December 1, 1991) and 609. This request also includes Dallas Crawford's "rap" sheet and/or NCIC Computer check on Dallas Crawford and any criminal the government intends to reference at any penalty phase of trial.

4. <u>Seized evidence.</u> All evidence seized as a result of any search, either warrantless or with a warrant, in this case. Pursuant to Fed. R. Crim. P. 16(a)(1)(c).

5. <u>Agent's reports, notes, memos.</u> All arrest reports, investigator's notes, memos from arresting officers, sworn statements, and prosecution reports pertaining to Dallas Crawford. These reports are available under Fed. R. Crim. P. 16(a)(1)(B) and (C); and Fed R. Crim.

P. 26.2 and 12(i). In addition, it is requested that you provide any witness interview notes that you have taken which could be considered to be statements attributable to the witness. See Goldberg v. United States, 425 U.S. 94 (1976).

6. Other documents/tangible objects. All other documents and tangible objects, including photographs, books, papers, documents, or copies or portions thereof which are material to Dallas Crawford's defense or intended for use in the government's case-in-chief or were obtained from or belong to Dallas Crawford. Specifically requested are all documents, items and other information seized pursuant to any search. Production is required under Brady.

7. Bias of government witnesses. Any evidence that any prospective government witness is biased or prejudiced against Dallas Crawford or has a motive to falsify or distort his/her testimony. See Pennsylvania v. Ritchie. 480 U.S. 39 (1987); United States v. Strifler, 851 F.2d 1197 (9th Cir. 1988).

8. Prior record/other acts of government witnesses. Any evidence that any prospective witness has engaged in any criminal act whether or not resulting in a conviction. See F.R.E. Rule 608(b) and Brady.

9. Investigation of witnesses. Any evidence that any prospective witness is under investigation by federal, state or local authorities for any criminal or official misconduct. United States v. Chitty, 760 F.2d 425 (2d Cir.), cert. denied, 474 U.S. 945 (1985).

10. Evidence regarding ability to testify. Any evidence, including any medical or psychiatric reports or evaluations, tending to show that any prospective witness' ability to perceive, remember. communicate, or tell the truth is impaired; and any evidence that a witness has ever used narcotics or other controlled substance. or has ever been an alcoholic. United States v. Strifler, 851 F.2d 1197 (9th Cir. 1988); Chavis v. North Carolina, 637 F.2d 213. 224 (4th Cir. 1980); United States v. Butler, 567 F.2d 885 (9th Cir. 1978).

11. Personnel files. It is requested that the government review each agent's personnel file for review for information requested in paragraphs (7)-(10) above and determine whether there is any impeaching information contained in the files. see United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991).

12. Government witnesses. The name and last known address of each prospective government witness. See United States v. Neap, 834 F.2d 1311 (7th Cir. 1987): United States v. Tucker, 716 F.2d 583 (9th Cir. 1983) (failure to interview government witnesses by counsel is ineffective): United States v. Cook, 608 F.2d 1175. 1181 (9th Cir. 1979) (defense has equal right to talk to witnesses).

13. Other witnesses. The name and last known address of every witness to the crime or crimes charged (or any or the overt acts committed in furtherance thereof) who will not be called es a government witness. United States v. Cadet, 727 F.2d 1469 (9th Cir. 1984).

14. Favorable testimony. The name of any witness who made an arguably favorable statement concerning Dallas Crawford or who could not identify him or who was unsure of his

identity or participation in the crime charged. Jackson v. Wainwright, 390 F.2d 288 (5th Cir. 1968); Chavis v. North Carolina, 637 F.2d 213. 223 (4th Cir. 1980); James v. Jam. 575 F.2d 1164. 1168 (6th Cir. 1978); Hudson v. Blackburn, 601 F.2d 785 (5th Cir. 1975).

15. Specific inquiries of agents. It is requested that the government make specific inquiry of each government agent connected to the case for the above. United States v. Jackson, 780 F.2d 1305 (6th Cir. 1986); United States v. Butler, 567 F.2d 885, 889 (9th Cir. 1978).

16. Rule 26.2 Material/Timing of Production. It is requested that the government provide all material available pursuant to Fed. R. Crim. P. 26.2, sufficiently in advance of trial or motion hearings so as to avoid unnecessary delay prior to cross examination.

17. Expert/resumes. The curriculum vitae of any and all experts the government intends to call at trial, including any and all books, treatises or other papers written by the expert which is relevant to the testimony.

18. Expert's reports and summaries. Production of any and all reports of any examinations or tests is requested pursuant to Rule I 6(a)(I)(D). In addition. it is requested that the government disclose a written summary of testimony the government intends to use under FRE 702, 703 or 705 and Fed. R. Crim. Pro. 16(F) and (G). The summaries should describe the witnesses' opinions. the bases and the reasons therefore and the witnesses' qualifications.

19. Confidential Informant(s) and related information. It is requested that the government reveal the identity of any and all confidential informants who were percipient witnesses to the charges in this case and information regarding any promises made to the Cl and the information provided by the CI to include the following:

    A. The identity and existing statements of any confidential informant who may be called upon to testify in this cause of action:

    B. Any and all representations, promises or other consideration offered by the Government, its cooperating agencies, or its agents to said informants concerning alleged violations of said informants of federal. state. or local laws;

    C. The precise nature of any monetary consideration offered or promised to said informants including. but not limited to, a listing of funds paid to or on behalf of said informants by the Government. its agents or cooperating agencies:

    D. Any and all promises of assistance offered to said informants relating to the disposition of known or potential criminal charges, state or federal, or the nature and extent of incarceration or conditions thereof:

    E. Any other promises. inducements or considerations offered to said informants in exchange for their cooperation, assistance, information or testimony;

    F. A list of all other sales or purchases of narcotic drugs arranged by said confidential informant along with a list of payments made to said confidential informant in exchange or in return for assisting and arranging said sales or drug transactions; and

    G. Any record maintained by the Government showing the arrest and conviction record of the confidential informant.

20. <u>Promises made or "deals" with government witnesses</u>. Under <u>Giglio v. United States</u>, 405 U.S. 150 (1972), the government must provide all promises of consideration given to witnesses, See also <u>United States v. Shaffer</u>, 789 F.2d 682 (9th Cir. 1986).

21. <u>Minutes of Grand Jury Proceedings</u>. Production of the minutes of the grand jury proceedings is requested in order to determine whether there has been compliance with Rule 6 with regard to attendance and the number of grand jurors voting on this indictment. See Rule 6(b)-(d).

22. <u>Grand Jury Transcripts</u>. All grand jury transcripts are requested.

23. Any items or statements arguably subject to a suppression motion. F. R. Crim. Pro. 12(b)(4)(3).

24. <u>Statement by government of refusal to provide</u>. If the government has any of the above-requested items but refuses to provide them to the defense, please advise and state what item(s) are refused.

25. Pursuant to Title 18, United States Code, Defendant hereby requests that the Government provide Defendant with copies or photographs of the following materials, or in the alternative, that the Government to disclose to Defendant and make available for inspection. copying, or photographing:

    A. The contents of any wire, oral, or electronic communication intercepted pursuant to Title 18, United States Code, Chapter 119, or evidence derived therefrom, which may be received in evidence or otherwise disclosed in any trial, hearing, or other proceeding related to the present cause of action; and

    B. A copy of any court order authorizing the interception of any wire, oral, or-electronic communication as described above, and the written application for same.

26. Any information concerning whether law enforcement agencies, federal or state, used cell site simulative software or hardware, including Stingray or any device to mimic a cell system tower or that is capable of securing data flowing through the cell tower or mobile device.

27. Any information secured by any law enforcement agency using a cell site simulator. including Stingray or as referenced in paragraph 26.

28. A copy of any agreement if written or the substance of any agreement if verbal concerning any agreement between members of any law enforcement agency wherein one or both

parties agree not to reveal or refrain from revealing the information requested in paragraphs 26 and 27 supra to any defendant, tribunal, court, attorney or the public.

Thank you for your attention to these requests.

                Very truly yours,

                /s/ John C. Schleiffarth
                John C. Schleiffarth, # 63222MO
                John C. Schleiffarth, P.C.
                75 W. Lockwood Ave, Ste 250
                St. Louis, MO 63119
                T: (314) 561-9690
                F: (314) 596-0658
                E: john@jcsattorney.com
                Attorney for Defendant

JCS/ms