UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 4:20-CR0475 SRC |
| DALLAS CRAWFORD, | ) | |
| Defendant. | ) | |

**GUILTY PLEA AGREEMENT**

Come now the parties and hereby agree, as follows:

**1. PARTIES:**

The parties are the defendant Dallas Crawford, represented by defense counsel John Schleiffarth, and the United States of America (hereinafter "Government"), represented by the Office of the United States Attorney for the Eastern District of Missouri. This agreement does not, and is not intended to, bind any governmental office or agency other than the United States Attorney for the Eastern District of Missouri. The Court is neither a party to nor bound by this agreement.

**2. GUILTY PLEA:**

Pursuant to Rule 11(c)(1)(A), Federal Rules of Criminal Procedure, in exchange for the defendant's voluntary plea of guilty to Count 1 of the superseding indictment, the Government agrees that no further federal prosecution will be brought in this District relative to the defendant's receipt of child pornography, production of child pornography and his online enticement of a minor between September 29, 2018, and November 1, 2018, of which the Government is aware at this time.

In addition, the parties agree that the U.S. Sentencing Guidelines Total Offense Level analysis agreed to by the parties herein is the result of negotiation and led, in part, to the guilty plea. The parties further agree that because the government has amended the charge both parties will be requesting a sentence of 96 months in the Bureau of Prisons and neither party shall request a sentence above or below 96 months in prison. The U.S. Sentencing Guidelines range (combination of Total Offense Level and Criminal History Category) is ultimately determined by the Court pursuant to any chapter of the Guidelines, Title 18, United States Code, Section 3553, or any other provision or rule of law not addressed herein.

The defendant agrees to forfeit to the United States all property subject to forfeiture under the applicable statute(s), and the defendant knowingly and voluntarily waives any right, title, and interest in all items (including all data contained therein) seized by law enforcement officials during the course of their investigation, whether or not they are subject to forfeiture, and agrees not to contest the vesting of title of such items in the United States, including, but not limited to: defendant's Motorola "Moto G (5) plus" smart phone, defendant's LG cell phone; his Apple IPhone XR, Apple IPod Touch, and "All in One Mac" computer seized by law enforcement. The defendant agrees that said items may be disposed of by law enforcement officials in any manner.

**3. ELEMENTS:**

As to Count One, the defendant admits to knowingly violating, Title 18, United States Code, Section 2252A(a)(2), and admits there is a factual basis for the plea and further fully understands that the elements of the crime of Receipt of Child Pornography which he admits to knowingly committing and for which he admits there is a factual basis are: (1) defendant knowingly received (2) using any means or facility of interstate commerce, including by computer, (3) images of child pornography, (4) which were visual depictions where the

production of such visual depictions involved the use of a minor engaging in sexually explicit conduct and such visual depictions were of a minor engaging in sexually explicit conduct.

4. **FACTS:**

The parties agree that the facts in this case are as follows and that the Government would prove these facts beyond a reasonable doubt if the case were to go to trial. These facts may be considered as relevant conduct pursuant to Section 1B1.3:

In summary, a twelve-year-old female living in St. Louis met a twenty-three-year-old male on Snapchat. They began an online "relationship" and she sent him pictures of herself nude to the defendant and he sent her pictures of himself masturbating. Law enforcement discovered he lived in Pennsylvania. Search warrants were executed on his home and devices.

Detailed Facts. Victim S.D.

On October 12, 2018, FBI Special Agent Dave Rapp was advised by "T.D." the father of "M.D." (a twelve-year-old minor) that his daughter and a friend of hers named "S.D." (another twelve-year-old female child) had recently been in contact with a person he believed to be an adult via Snapchat[1] social media application. This adult utilized the screen name "niggyyyyyy". The parents of M.D. and S.D. had become aware of the relationship between their daughters and niggyyyyyy while reviewing their daughter's electronic devices, including a cellular telephone and an Apple IPod. T.D. believed that pornographic images had been sent to and from S.D. and Snapchat user "niggyyyyyy."

S.A. Rapp and detectives from the St. Louis County Police Department met with both M.D. ,

[1] Snapchat is multimedia instant messaging application for smartphones. A key feature of the application is that pictures and messages sent through snapchat are usually only available for a short time before they become inaccessible to the recipients.

S.D. and their parents, on October 19, 2018, at the St. Louis County Police Department. Through these interviews it was determined that S.D. had sent "niggyyyyyy" numerous nude videos and images of herself. In return, niggyyyyyy had also sent videos and photographs of his genitals to S.D.

S.D. advised that she had originally started a Snapchat message exchange with niggyyyyyy in September of 2018. S.D.'s first communication with niggyyyyyy was a voice chat in which niggyyyyyy advised that he wanted to have sex with her in a hotel, to which S.D. declined. Niggyyyyyy then proceeded to groom S.D. by asking her to send photographs of her feet and other areas of her body while still clothed and then while in her bra and underwear.

Eventually through continued chat sessions on September 30, 2018, niggyyyyyy convinced S.D. to send photographs of herself partly nude, including bare breasts, and then ultimately to sending him photographs of her genital area, including her vagina and buttocks. Niggyyyyyy also then directed S.D. to begin sending him videos of her masturbating, to which S.D. complied over Snapchat. Following these videos being sent, niggyyyyyy reciprocated with a video to S.D. which depicted him masturbating his penis with his hand.

During this initial chat session on September 30, 2018, niggyyyyyy advised that he lived in the New York area. S.D. and niggyyyyyy continued having Snapchat message exchanges on and off until October 12, 2018.

A review of the Snapchat messages between S.D. and niggyyyyyy consistently revealed sexually explicit conversations between them. However, most of the images sent between S.D. and Nigyyyy on Snapchat were not recovered by law enforcement. Niggyyyyyy advised in one of these messages that he was twenty years of age and in another that he understood that he could get in trouble by partaking in these messages and by sending and receiving sexually explicit

videos and photographs with S.D. S.D. also identified that she was thirteen years of age in one of these messages (even though she was actually twelve years of age). Thus, niggyyyyyy was aware that she was a minor. In fact, niggyyyyyy directed S.D. to make at least one sexually explicit video in which he asked S.D. to say while filming the video "I want you to come alllllll over my thirteen-year-old feet."

Excerpts from Chats:

October 4, 2018:
Niggyyyyyy: "take some feet and pussy pics in the mirror for me okay?"
Victim SD: "Ok"
Niggyyyyyy: "and videos too. I'll make it up to you with pictures of my cock later."
Niggyyyyyy: "ok?"
Victim SD: "I'm in the bathroom, it's not big but I have one upstairs."
Niggyyyyyy "okay, yay."
Victim SD: "Sorry I'm kinda fat.
Niggyyyyyy: "your not fat babe"
Victim SD: "aww thanks"
Niggyyyyyy: "you are so hot"

October 5, 2018:
Niggyyyyyy: "set the camera on the ground just like the other videos . . .
Victim SD: "Then what should I do?"
Niggyyyyyy "finger yourself baby"
Victim SD: "Ok baby"
Niggyyyyyy: Happy Emoji
Victim SD: "Imm so wett babe"
Niggyyyyyy: "you are supposed to set the camera on the ground babyyyy"
Niggyyyyyy: "but yasss so hot."
Victim SD: "not on the ground because my floor is squeaky."
Niggyyyyyy: "Can you do it on your bed then?"
. . .

Niggyyyyyy" "redo it but don't cover your face." "same position." ....
Niggyyyyyy: "but this time bend over and touch yourself ..."
Victim SD: "Soo my butt is facing you"
Niggyyyyyy "Yesss. On your knees" "so that way I can see everything."
Niggyyyyyy: "your little pussy is so hot but I did not get to see your feeeeeet wah"

Investigation into Defendant.

Continued investigation linked the defendant to the niggyyyyy Snapchat account.

Specifically, the email address associated with the "niggyyyyyy" account was: djc51095@yahoo.com. A subpoena served on the Yahoo! email address identified the defendant as the owner of that email account. The phone number tied to this Yahoo! email account was listed as (484) 201-6288. A subpoena sent to T-Mobile in reference to this phone number identified the subscriber as Dallas J. Crawford, 3531 Apricot Drive, Walnutport, PA, 18088. Further, IP address logs utilized to log into Snapchat by niggyyyyyy on many occasions were traced to the address of 922 ½ West Wyoming Street, Allentown, PA, 18103. Snapchat returned to law enforcement the results of the search on account, "niggyyyyyy." They included some images of interest in the investigation.

Crawford's date of birth was confirmed through the Pennsylvania Department of Revenue as being May 10, 1995.

On February 28, 2019, a photo lineup was shown to victim S.D. and she positively identified Crawford as the person utilizing the snapchat account "niggyyyyyy." Further, S.D. identified herself in three images from the search of the "niggyyyyyy" Snapchat account: 1) an image of S.D. laying nude on her bed with her buttocks and feet as the focal point of the photo; 2) an image of S.D. in her bathroom with her exposed breasts, she is wearing underwear; 3) an image of S.D. laying her bed showing the bottom of her foot.

A search warrant was obtained and served on Crawford's home in Pennsylvania on April 24, 2019. Law Enforcement began to interview Crawford, but after some initial matters, the defendant asked for an attorney and questioning ceased. Twenty (20) devices were seized from the home, most were cleared for having no child pornography. However, an "All in One Mac" computer had three (3) suspected files of child pornography on it, but they were not of victim S.D. Also, the defendant's Apple IPhone, Apple IPod Touch, his LG cell phone, and his

Motorola smartphone were locked and initially law enforcement were not able to access them. Law enforcement sent the items to Kansas City to be examined at the Regional Computer Center. In the summer of 2021, the Regional Computer Center was able to access the defendant's Motorola smartphone. The phone contained approximately 55 files of child pornography.

A search warrant was served upon the victim's Instagram account and contained images and videos of her that appear to be similar to what Crawford requested of her in their chat messages, but the majority of the sexually implicit images S.D. created at the defendant's request via the Snapchat application have never been located.

In conclusion, the defendant received images and videos of child pornography over the internet. Specially, via social medica applications like Snapchat, the defendant received images and videos of twelve-year-old minor female child S.D. These videos and images depict minor S.D. engaging in sexually explicit conduct or lasciviously displaying her genitals. The defendant knew S.D. was a minor when he received the images of child pornography from her.

The internet is a computer communications network using interstate and foreign lines to transmit data streams, including data streams used to store, transfer and receive graphic files. The internet is a means and facility of interstate and foreign commerce.

**5. STATUTORY PENALTIES:**

As to Count One, the defendant fully understands that the maximum possible penalty provided by law for the crime of Receipt of Child Pornography to which the defendant is pleading guilty is imprisonment of not more than twenty years, and a fine of not more than $250,000. The Court may also impose a period of supervised release of not more than **life** and not less than five years. **The defendant fully understands that the crime to which a guilty**

**plea is being entered, Receipt of Child Pornography, requires a mandatory minimum term of imprisonment of at least five years.**

Additionally, per 18 U.S.C. § 2259A, defendant fully understands that for offenses committed on or after December 7, 2018, in addition to other assessments, the Court may impose an assessment for each count of no more than:

(2) $35,000.00 if convicted of any other trafficking in child pornography offense as defined by § 2259(c)(3), which includes offenses under:

i. 18 U.S.C. § 2251(d);

ii. 18 U.S.C. §§ 2252(a)(1) through (3);

iii. 18 U.S.C. §§ 2252A(a)(1) through (4);

iv. 18 U.S.C. § 2252A(g) (in cases in which the series of felony violations exclusively involves violations of §§ 2251(d), 2252, 2252A(a)(1) through (5), or 2260(b)); or

v. 18 U.S.C.2260(b);

**Possibility of Enhanced Criminal Status**: In certain situations, defendant may be subject to a mandatory minimum sentence and a maximum sentence greater than described above. Below are some of the provisions that have increased sentences for certain prior convictions:

| | |
|---|---|
| Production of Child Pornography<br>18 U.S.C. § 2251(e) | a. One prior conviction: 25 years to 50 years<br>b. Two or more prior convictions: 35 years to life. |
| Distribution, Transportation or Receipt of Child Pornography<br>18 U.S.C. §§ 2252(b)(1) and 2252A(b)(1) | One or more prior convictions: 15 years to 40 years |
| Possession or Access with the Intent to View Child Pornography<br><br>18 U.S.C. §§ 2252(b)(2) and 2252A(b)(2) | One or more prior convictions: 10 years to 20 years |
| Travel with intent to engage in illicit sexual conduct; and<br>Engaging in illicit sexual conduct in foreign places<br>18 U.S.C. § 2426(a) | One or more prior convictions: Up to 90 years |

| For offenses under 1591 (relating to sex trafficking of children), 2241 (relating to aggravated sexual abuse), 2242 (relating to sexual abuse), 2244(a)(1) (relating to abusive sexual contact), 2245 (relating to sexual abuse resulting in death), 2251 (relating to sexual exploitation of children), 2251A (relating to selling or buying children), 2422(b) (relating to coercion or enticement of a minor into prostitution) (unless 3559(e)(3) applies) or 2423(a) relating to transportation of minors) (unless 3559(e)(3) applies).<br>18 U.S.C. § 3559(e) | If convicted of one of these offenses in which a minor is the victim and the person has a prior sex conviction in which a minor is a victim, the term of imprisonment is life, unless a sentence of death is imposed. |
|---|---|

The defendant is pleading guilty with full knowledge of these, as well as other possibilities, has discussed the possibilities with counsel and will not be able to withdraw the guilty plea if the Court determines that the defendant is subject to different minimum or maximum sentences than described herein.

**6. U. S. SENTENCING GUIDELINES: 2018 MANUAL:**

The defendant understands that this offense is affected by the U. S. Sentencing Guidelines and the actual sentencing range is determined by both the Total Offense Level and the Criminal History Category. The parties agree that the following are the U.S. Sentencing Guidelines Total Offense Level provisions that apply.

**a. Chapter 2 Offense Conduct:**

**(1) Base Offense Level:** The parties agree that the base offense level is thirty-two (32) as located within Section 2G2.1 due to the Section 2G2.2(c)(1) cross reference because the defendant caused the minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct.

**(2) Specific Offense Characteristics:** The parties agree that the following Specific Offense Characteristics apply:

i) two (2) levels are added pursuant to Section 2G2.1(b)(1)(B) because the minor had attained the age of twelve years, but had not attained the age of sixteen years;

ii) four (4) levels are added pursuant to Section 2G2.1(b)(4)(A) because the material portrays sadistic or masochistic conduct or other depictions of violence.

**b. Chapter 3 Adjustments:**

**(1) Acceptance of Responsibility:** The parties agree that three levels should be deducted pursuant to Section 3E1.1(a) and (b), because the defendant has clearly demonstrated acceptance of responsibility and timely notified the Government of the defendant's intention to plead guilty. The parties agree that the defendant's eligibility for this deduction is based upon information presently known. If subsequent to the taking of the guilty plea the Government receives new evidence of statements or conduct by the defendant which it believes are inconsistent with defendant's eligibility for this deduction, the Government may present said evidence to the court, and argue that the defendant should not receive all or part of the deduction pursuant to Section 3E1.1, without violating the plea agreement.

**(2) Other Adjustments:** The parties agree that the following additional adjustments apply: none.

**c. Chapter Four Adjustments:** none.

**d. Other Adjustment(s)/Disputed Adjustments**: none.

**e. Estimated Total Offense Level:** The parties estimate that the Total Offense Level is thirty-five (35). The parties have agreed to jointly request a sentence of 96 months in prison.

f. **Criminal History:** The determination of the defendant's Criminal History Category shall be left to the Court. Either party may challenge, before and at sentencing, the finding of the Presentence Report as to the defendant's criminal history and the applicable category. The defendant's criminal history is known to the defendant and is substantially available in the Pretrial Services Report.

g. **Effect of Parties' U.S. Sentencing Guidelines Analysis:** The parties agree that the Court is not bound by the Guidelines analysis agreed to herein. The parties may not have foreseen all applicable Guidelines. The Court may, in its discretion, apply or not apply any Guideline despite the agreement herein and the parties shall not be permitted to withdraw from the plea agreement. The Government recognizes it is bound by the specific agreements made herein, except as provided in Section 11, below. However the Government reserves the right to answer any questions the U.S. Probation Office or the Court might have related to sentencing or present evidence at the Court's request.

7. **WAIVER OF APPEAL AND POST-CONVICTION RIGHTS:**

a. **Appeal:** The defendant has been fully apprised by defense counsel of the defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742.

(1) **Non-Sentencing Issues:** The parties waive all rights to appeal all non-jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial motions, discovery and the guilty plea, the constitutionality of the statute(s) to which defendant is pleading guilty and whether defendant's conduct falls within the scope of the statute(s).

(2) **Sentencing Issues:** In the event the Court accepts the plea, accepts the U.S. Sentencing Guidelines Total Offense Level agreed to herein, and, after determining a

Sentencing Guidelines range, sentences the defendant within or below that range, then, as part of this agreement, the defendant hereby waives all rights to appeal all sentencing issues other than Criminal History, but only if it affects the Base Offense Level or Criminal History Category. Similarly, the Government hereby waives all rights to appeal all sentencing issues other than Criminal History, provided the Court accepts the plea, the agreed Total Offense Level and sentences the defendant within or above that range.

**b. Habeas Corpus:** The defendant agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

**c. Right to Records:** The defendant waives all rights, whether asserted directly or by a representative, to request from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 522, or the Privacy Act, Title 5, United States Code, Section 552(a).

**8. OTHER:**

**a. Disclosures Required by the United States Probation Office:** The defendant agrees to truthfully complete and sign forms as required by the United States Probation Office prior to sentencing and consents to the release of these forms and any supporting documentation by the United States Probation Office to the Government.

**b. Civil or Administrative Actions not Barred; Effect on Other Governmental Agencies:** Nothing contained herein limits the rights and authority of the United States to take any civil, tax, immigration/deportation or administrative action against the defendant.

c. **Supervised Release:** Pursuant to any supervised release term, the Court will impose standard conditions upon the defendant and may impose special conditions related to the crime defendant committed. Some of these special conditions may include that defendant not possess a computer or internet access, that defendant not have contact with minors without the authorization of the Probation Officer, that defendant participate in sexual offender counseling and that defendant not maintain a post office box. In addition, as a condition of supervised release, defendant shall initially register with the state sex offender registration in Missouri, and shall also register with the state sex offender registration agency in any state where defendant resides, is employed, works, or is a student, as directed by the Probation Officer. The defendant shall comply with all requirements of federal and state sex offender registration laws.

These and any other special conditions imposed by the Court will be restrictions with which defendant will be required to adhere. Violation of the conditions of supervised release resulting in revocation may require the defendant to serve a term of imprisonment equal to the length of the term of supervised release, but not greater than the term set forth in Title 18, United States Code, Section 3583(e)(3), without credit for the time served after release. The defendant understands that parole has been abolished.

d. **Mandatory Special Assessment:** Pursuant to Title 18, United States Code, Section 3013, the Court is required to impose a mandatory special assessment of $100 per count for a total of $100, which the defendant agrees to pay at the time of sentencing. Money paid by the defendant toward any restitution or fine imposed by the Court shall be first used to pay any unpaid mandatory special assessment.

Pursuant to Title 18, United States Code, Section 3014, for offenses occurring on or after May 29, 2015, and before September 30, 2021, the Court is required to impose an assessment of $5,000 on any non-indigent defendant convicted of an offense under –

(1) Chapter 77 (relating to peonage, slavery, and trafficking in persons, including, but not limited to, 18 U.S.C. § 1591 (Sex trafficking of children by force, fraud, or coercion));

(2) Chapter 109A (relating to sexual abuse);

(3) Chapter 110 (relating to sexual exploitation and other abuse of children, including, but not limited to, 18 U.S.C. §2251(a) (production of child pornography) and 18 U.S.C. § 2252A (transportation, distribution, receipt, possession, or access with the intent to view child pornography));

(4) Chapter 117 (relating to transportation for illegal sexual activity and related crimes, including, but not limited to, 18 U.S.C. § 2422(b) (enticement of a child) and 18 U.S.C. § 2423 (transportation of minors)); or

(5) Section 274 of the Immigration and Nationality Act (8 U.S.C. 1324) (relating to human smuggling), unless the person induced, assisted, abetted or aided only an individual who at the time of such action was the alien's spouse, parent, son, or daughter (and no other individual) to enter the United States in violation of the law.

The assessment imposed under 18 U.S.C. § 3014 is in addition to the mandatory special assessment imposed under 18 U.S.C. § 3013.

e. **Possibility of Detention:** The defendant shall be subject to immediate detention pursuant to the provisions of Title 18, United States Code, Section 3143.

f. **Fines, Restitution and Costs of Incarceration and Supervision:** The Court may impose a fine, restitution (in addition to any penalty authorized by law), costs of incarceration and costs of supervision. The defendant agrees that any fine or restitution imposed by the Court will be due and payable immediately. Pursuant to Title 18, United States Code, Sections 3663A

and 2259, an order of restitution is mandatory for all crimes listed in Sections 3663A(c) and 2259. Regardless of the Count of conviction, the amount of mandatory restitution imposed shall include all amounts allowed by Sections 3663A(b) and 2259 and the amount of loss agreed to by the parties, including all relevant conduct loss. The defendant agrees to provide full restitution to all victims of all charges in the indictment without regard to the count or counts to which the defendant has agreed to plead guilty. Under Section 2259(c)(3), the minimum amount of restitution per victim for each count of conviction is $3000 for crimes occurring on and after December 7, 2018.

g. **Forfeiture:** The defendant knowingly and voluntarily waives any right, title, and interest in all items seized by law enforcement officials during the course of their investigation, whether or not they are subject to forfeiture, and agrees not to contest the vesting of title of such items in the United States. The defendant agrees to abandon his interest in all seized items and further agrees that said items may be disposed of or destroyed by law enforcement officials in any manner without further notice. By abandoning these items, the defendant waives any future rights to receive additional notice, a valuation of the items, or the opportunity to submit a claim to contest the disposition or destruction of the items that may exist under any policies or procedures of the seizing agency.

Defendant specifically agrees to the forfeiture of the following: defendant's Motorola "Moto G (5) plus" smart phone, defendant's LG cell phone; his Apple IPhone XR, Apple IPod Touch, and "All in One Mac" computer. Further, the defendant will execute any documents and take all steps needed to transfer title or ownership of said assets to the Government and/or to rebut the claims of nominees and/or alleged third party owners.

9. **ACKNOWLEDGMENT AND WAIVER OF THE DEFENDANT'S RIGHTS:**

In pleading guilty, the defendant acknowledges, fully understands and hereby waives his rights, including but not limited to: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to require the Government to prove the elements of the offenses charged against the defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; the right to testify and present evidence and the right to compel the attendance of witnesses. The defendant further understands that by this guilty plea, the defendant expressly waives all the rights set forth in this paragraph.

The defendant fully understands that the defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding. The defendant's counsel has explained these rights and the consequences of the waiver of these rights. The defendant fully understands that, as a result of the guilty plea, no trial will, in fact, occur and that the only action remaining to be taken in this case is the imposition of the sentence.

Defendant understands that by pleading guilty, defendant will be subject to federal and state sex offender registration requirements, and that those requirements may apply for life. The defendant understands that defendant must keep said registrations current, shall notify the state sex offender registration agency or agencies of any changes to defendant's name, place of residence, employment, or student status, or other relevant information. Defendant shall comply with requirements to periodically verify in person said sex offender registration information. Defendant understands that defendant will be subject to possible federal and state penalties for

failure to comply with any such sex offender registration requirements. If defendant resides in Missouri following release from prison, defendant will be subject to the registration requirements of Missouri state law. Defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon release from confinement following conviction. Defense counsel has advised the defendant of the possible sex offender registration consequences resulting from the plea.

Defendant knowingly and voluntary waives any rights and defenses defendant may have under the Excessive Fines Clause of the Eight Amendment to the United States Constitution to the forfeiture of property in this proceeding or any related civil proceeding, special or other assessment, and any order of restitution.

If the defendant is not a U.S. citizen, the guilty plea could impact defendant's immigration status or result in deportation. In particular, if any crime to which defendant is pleading guilty is an "aggravated felony" as defined by Title 8, United States Code, Section 1101(a)(43), removal or deportation is presumed mandatory. Defense counsel has advised the defendant of the possible immigration consequences, including deportation, resulting from the plea.

The defendant is fully satisfied with the representation received from defense counsel. The defendant has reviewed the Government's evidence and discussed the Government's case and all possible defenses and defense witnesses with defense counsel. Defense counsel has completely and satisfactorily explored all areas which the defendant has requested relative to the Government's case and any defenses.

**10. <u>VOLUNTARY NATURE OF THE GUILTY PLEA AND PLEA AGREEMENT:</u>**

This document constitutes the entire agreement between the defendant and the Government, and no other promises or inducements have been made, directly or indirectly, by any agent of the Government, including any Department of Justice attorney, concerning any plea to be entered in this case. In addition, the defendant states that no person has, directly or indirectly, threatened or coerced the defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

The defendant acknowledges having voluntarily entered into both the plea agreement and the guilty plea. The defendant further acknowledges that this guilty plea is made of the defendant's own free will and that the defendant is, in fact, guilty.

**11. <u>CONSEQUENCES OF POST-PLEA MISCONDUCT:</u>**

After pleading guilty and before sentencing, if defendant commits any crimes, other than minor traffic offenses, violates any conditions of release that results in revocation, violates any term of this guilty-plea agreement, intentionally provides misleading, incomplete or untruthful information to the U.S. Probation Office or fails to appear for sentencing, the United States, at its option, may be released from its obligations under this agreement. The Government may also, in its discretion, proceed with this agreement and may advocate for any sentencing position supported by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility.

**12. <u>NO RIGHT TO WITHDRAW GUILTY PLEA:</u>**

Pursuant to Rule 11(c) and (d), Federal Rules of Criminal Procedure, the defendant understands that there will be no right to withdraw the plea entered under this agreement, except where the Court rejects those portions of the plea agreement which deal with charges the Government agrees to dismiss or not to bring.

12/9/21
Date

COLLEEN LANG
Assistant United States Attorney

12/1/21
Date

DALLAS CRAWFORD
Defendant

12/8/2021
Date

JOHN SCHLEIFFARTH
Attorney for Defendant