# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Cause No. 4:20CR00475-1  SRC |
| v. ) | |
| ) | |
| DALLAS J. CRAWFORD, ) | |
| ) | |
| Defendant. ) | |

### DEFENDANT'S SENTENCING MEMORANDUM

Comes now counsel for the defendant and respectfully submits this Sentencing Memorandum in the above captioned matter, which is set for a sentencing hearing on April 14, 2022, at 2:00 p.m. For the reasons set forth below, the Defendant requests that this Honorable Court sentence Defendant to a term of ninety-six (96) months' incarceration. Defendant Dallas J. Crawford (hereinafter "Crawford") pled guilty to a superseding indictment alleging one count of Receipt of Child Pornography in violation of 18 U.S.C. §2252A(a)(2) and 18 U.S.C. § 2252A(b)(1).

This plea was made pursuant to a written plea agreement with the Government. The Parties agree that the U.S. Sentencing Guidelines Total Offense Level analysis agreed to by the Parties herein, which is thirty-five (35), is the result of negotiation and is one fact which led to this guilty plea.  The Guideline calculation according to the PSR is a level 35, with a criminal history category I. The sentencing guideline range is 168 to 210 months. Both Parties are requesting a sentence of ninety-six (96) months, and neither Party is to request a sentence above or below this sentence.

In this memorandum, Defense Counsel is providing the Court with additional information based upon USC § 3553(a) and urging the Court to impose a sentence of ninety-six (96) months. Crawford has accepted full responsibility by providing a truthful admission regarding his involvement in the crime for which he is charged and by entering a guilty plea in a timely manner.

## Factual Background

The facts that gave rise to this cause of action took place between approximately September and November of 2018. On October 14, 2018, the Des Peres Police Department were notified by the parents of twelve (12)-year-old M.D. about inappropriate communication between M.D. and someone on Snapchat with the screenname of "Niggyyyyyy." It was disclosed that another twelve-year old, S.D., also began communicating with the same individual on Snapchat. The Des Peres Police Department referred the matter to the Federal Bureau of Investigation ("FBI"). The FBI discovered the above-referenced Snapchat account was associated with the email address djc51095@yahoo.com. The telephone number that was associated with that email address was identified as belonging to Crawford. On February 28, 2019, a photographic lineup was administered during which S.D. identified Crawford as the person with whom she was communicating on Snapchat. S.D. also identified herself as the subject of several photographs which were included in the subpoena return from Snapchat. These images included S.D. nude on her bed with her buttocks and feet as the focal point, S.D. in her bathroom with her exposed breasts, and an image of her lying in her bed with the bottom of her feet exposed. During the course of their conversations over Snapchat, Crawford requested from S.D. images and movies of her genitals and images and movies of S.D. engaging in sexual acts. According to the government, Crawford is solely culpable for the instant offense. On

September 9, 2020, Crawford was taken into federal custody by the United States Marshals Service in Allentown, Pennsylvania. He has been jailed without bond during the pendency of his case.

## USC § 3553(a) Factors

1. **Nature of the Offense and History/Characteristics of the Defendant**

18 USC § 3553(a)(1) requires this Court to impose a sentence sufficient, but not greater than necessary, to comply with several purposes which this memorandum will address. First and foremost, this Court must consider the nature and circumstances of the offense along with the history and characteristics of the Defendant. The charge of receipt of child pornography is, without question, a serious offense.

Crawford is from an intact family, though his parents did not marry until 2017. Crawford has one older brother and one younger brother. He has lived in the State of Pennsylvania all of his life, being from Walnut Port, which is where his parents, grandmother, and one of his brothers reside.

Crawford had a relatively normal childhood with some notable exceptions. In the course of discipline, his mother would threaten to call children's services to remove him from the home when he was young. This occurred quite often. He also shared a bunkbed and room with his mother when he was a young man. His father and two brothers each had their own room, though Crawford shared a room with his mother. His father disciplined him harshly with a belt when he misbehaved, sometimes to the point where physical marks were left on his body.

When Crawford was younger, he struggled with maintaining a healthy weight often being bullied for being overweight. Around this time, he began using the internet. His parents purchased for him a computer that he could use in the privacy of his room. During this time, he

began looking at pornography. Then, a friend of his introduced him to a website called "chatroulette". On this website, you could interact with other people, his friend commonly flirting with girls. This is what introduced Crawford to online relationships. As he got older, he began spending more time on the internet using social media to talk to girls his age. Early in his teenage years, he developed a foot fetish. He began acting on his fantasy on the internet, asking for girls his age for pictures of their feet.

Eventually, his use of the internet for sexual gratification became an addiction, with Crawford spending up to five (5) hours a day on the internet. He began broadening whom he would ask for pictures of his feet, including other males and minors. Because he was simply asking for photographs of their feet, Crawford convinced himself what he was doing was not wrong. However, his actions became more and more extreme and culminated in the behavior for which he is charged in the instant offense.

Crawford also has suffered from depression on and off during his life. At one time, he was prescribed Zoloft, but currently is not taking any medication. During the periods where he was experiencing depression, he would withdraw even more.

Crawford is twenty-six years old. He has no criminal history outside of the instant offense. He has an extensive support network, which is evident from the letters of support that have been written on his behalf. Crawford's parents, in particular, continue to be supportive of him and are devoted to assisting him in his reform. They, like him, understand he has done wrong. They are very remorseful for the suffering of the victim on this case. They believe in his better self and are confident he can overcome the vices that led to his criminal actions.

Prior to being arrested for the instant offense, Crawford was attending school to begin a career in information technology. He had begun working for an IT firm with whom he became

4

acquainted working at a previous job.  By all accounts, Crawford was a dependable person at work, and was also a pleasurable person socially.

While incarcerated, Crawford plans to utilize whatever treatment and support resources that are available to him and will continue treatment after release from custody.  He is acutely aware of the addiction that was formed.  He is deeply remorseful that he allowed this addiction to affect the lives of the victim in this case and her family and friends.  He recognizes how reprehensible his behavior was.  However, he is determined to improve himself.

### The Imposed Sentence Should Accomplish The Proper Goals

18 USC §3553(a)(2) considers the need for the sentence imposed to

(A)   reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense;

(B)   afford adequate deterrence to criminal conduct and

(C)   protect the public from further crimes of the defendant, and

(D)   provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

A sentence to a term of ninety-six (96) months' incarceration is a significant sentence, particularly in light of Crawford's age of twenty-six (26).  Crawford recognizes the seriousness of the offense and the purpose of these laws, which is to protect children.  Not only does it send an ample message to Crawford, it projects a stern warning to those who might engage in this type of behavior.

While the jointly recommended sentence requests this Court to grant a substantial variance from the Guidelines, the Parties believe it is appropriate in this case.  The length of the sentence does reflect the seriousness of the charge and will have a deterrent effect on Crawford

5

from engaging in similar behavior in the future. Most importantly, however, is Crawford's desire to take advantage of the treatment and support resources available to him while in custody.  It is his firm belief that these treatment and support resources will buttress his already strong desire to not reoffend.  This, in turn, has an even greater protective effect on the community than the ninety-six month sentence

Crawford recognizes the pain and suffering he has caused to the victim and her family. He is truly remorseful for his conduct and the impact it has had on those around him who have been affected by it.  He hopes this Court will grant the variance the Parties are requesting, though Crawford recognizes his behavior should be punished by lengthy incarceration, he also looks forward to a full life after incarceration made better through rehabilitation and continued treatment.

## Conclusion

Crawford respectfully requests this Court impose the sentence of ninety-six months. Crawford has no criminal history and is twenty-six years old.  He is accutely aware of the error of his ways and the physical, emotional, and mental impact he has had on others through his conduct.  And he is looking forward to taking advantage of treatment, both during incarceration, and afterward. A sentence of ninety-six months would more satisfy all of the factors addressed by the legislature in 18 §3553(a). In considering the mitigating factors in this case, specifically his sincere remorse and his struggles to with addiction, the Defendant respectfully requests this Honorable Court grant a variance and impose a sentence of ninety-six months in the Bureau of Prisons.

Respectfully submitted,

JOHN C. SCHLEIFFARTH, P.C.

/s/ John C. Schleiffarth
John C. Schleiffarth, # 63222MO
75 W. Lockwood Ave, Ste 250
St. Louis, MO 63119
T: (314) 561-9690
F: (314) 961-5020
E: john@jcsattorney.com

**CERTIFICATE OF SERVICE**

I hereby certify that on April 7, 2022, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all parties in interest including but not limited to Assistant United States Attorney Colleen Lang.

 /s/ John C. Schleiffarth
John C. Schleiffarth